## W. P. WILLIAMS ET AL. v. DALLAS, CLEBURNE & SOUTHWESTERN RAILWAY COMPANY.

### Decided October 17, 1906.

**Written Contract—Varying by Parol.**

Defendants who had agreed in writing to pay money on condition of the building of a railroad to their town and the location of its depot within certain specified limits could not defeat recovery thereon by showing that they signed it relying on representations that the depot would be located on a particular lot within those limits, which was not done.

Appeal from the County Court of Johnson County. Tried below before Hon. J. D. Goldsmith.

*S. C. Padelford* and *Walker & Baker,* for appellants.—A writing never merges fraud; it can always be established by parol testimony that a written contract was procured by fraud; and when the evidence established the fact that a written contract was procured · by fraud, then under the law, such a contract is void and not obligatory upon the makers. Chicago, T. & M. Ry. Co. v. Titterington, 84 Texas, 218; Henderson v. San Antonio & M. G. Ry. Co., 17 Texas, 560; Gulf, C. & S. F. Ry. Co. v. Jones, 63 Texas, 524; History Co. v. Flint, 4 Texas App. Civ., 374; Gulf, C. & S. F. Ry. Co. v. Jones, 82 Texas, 156; Miller v. Gulf, C. & S. F. Ry. Co., 65 Texas, 659; Gulf, C. & S. F. Ry. Co. v. Pittman, 4 Texas Civ. App., 171; Barrett v. Featherstone, 89 Texas, 578; McFarland v. Lyon, 4 Texas Civ. App., 589; Collinson v. Jeffries, 21 Texas Civ. App., 655.

The intent with which the promises were made and subsequently violated, was a question for the jury, and where there was evidence that the promises were made and that they were subsequently disregarded, the question of fraud should have been submitted to the jury. Chicago, T. & M. Ry. Co. v. Titterington, 84 Texas, 218; Henderson v. San Antonio & M. G. Ry. Co., 17 Texas, 560.

.Oral evidence is admissible to show that a written contract was to take effect only on the happening of a certain condition, and that a contract was executed to be and to become effective only on a certain condition. Burke v. Dulaney, 153 U. S., 228; Ware v. Allen, 128 U. S., 590; Wilson v. Powers, 131 Mass., 539; McFarland v. Sikes, 54 Conn., 250; Gibbons v. Ellis, 83 Wis., 434; Brewer v. Woodward, 41 Am. Rep., 857; Merchants Nat. Bank v. McAnulty, 31 S. W. Rep., 1091; Humphries v. Richmond & M. Ry. Co., 13 S. E. Rep., 985; Black v. Shreve, 13 N. J. Eq., 455; Slocum v. Bracy, 43 Am. St. Rep., 499; Cuthrell v. Cuthrell, 101 Ind., 375; Westeman & Krumweide, 15 N. W. Rep., 255; Smith v. Mussetter, 59 N. W. Rep., 995; Bissenger v. Guiteman, 53 Tenn., 277.

*W. Joe Gray, Brown & Bledsoe* and *Ramsey & Odell,* for appellee.—
The terms of a written contract, known to and understood by the party executing the same, can not be varied, contradicted, limited or added to by parol testimony. Wooters v. International & G. N. Ry. Co., 54 Texas, 294; Faires v. Cockerell, 29 S. W. Rep., 672; Gulf, C. & S. F. Ry. Co. v. Richards, 32 S. W. Rep., 96; Kramer v. Wolf Cigar Stores Co., 15 Texas Ct. Rep., 305; Greenleaf on Evidence, 275; 17 Cyc., 567.

Even though it had been represented to the appellants prior to the execution of the contract sued on that the depot of the appellee would be located on the Pearce lot, they signed a contract providing that it might be located elsewhere, with full knowledge of its terms, and all prior representations or statements were therefore merged into and will be controlled by the terms of the written contract. Wooters v. International & G. N. Ry. Co., 54 Texas, 294; Faires v. Cockerell, 29 S. W. Rep., 672; Bowen v. Hatch, 34 S. W. Rep., 330; Greenhill v. Hunton, 69 S. W. Rep., 440; San Antonio & A. P. Ry. Co. v. Busch, 21 S. W. Rep., 164; Lanius v. Shuler, 13 S. W. 614; Gulf, C. & S. F. Ry. Co. v. Richards, 11 Texas Civ. App., 102; Hopkins v. Woldert Grocery Co., 66 S. W. Rep., 63; Jackson v. Chemical Nat. Bank, 46 S. W. Rep., 295; Gulf, C. & S. F. Ry. Co. v. Fenn, 76 S. W. Rep., 599; Kramer v. Wolf Cigars Co., 15 Texas Ct. Rep., 305; 1 Greenleaf on Evidence, sec. 275; Ewing v. D. C. & S. W. Ry. Co. (Decided by C. C. A. for 5th Dist. on June 30, 1906, without written opinion).

Where a written contract is complete, though general in its nature it is not limited or added to by parol testimony. Ewing v. D. C. & S. W. Ry. Co., supra; Wooters v. International & G. N. Ry. Co., 54 Texas, 294; Faires v. Cockerell, 29 S. W. Rep., 672; Gulf, C. & S. F. Ry. Co. v. Richards, 11 Texas Civ. App., 102; Kramer v. Wolf Cigars Co., 15 Texas Ct. Rep., 305; Curtis v. Howell, 39 N. Y., 211; Burch v. Augusta, etc., Ry. Co., 80 Ga., 296; Dickson v. Hartman Mfg. Co. (Pa.), 36 Atl. Rep., 246.

KEY, Associate Justice.—Appellee brought this suit against appellants upon a written contract by the terms of which the latter promised to pay $250.50, upon condition that a certain railroad should be built to the city of Cleburne within a specified time, and locate its depot "east of the public square in Cleburne, not more than three blocks east of the Santa Fe passenger depot, and within two blocks south or three blocks north of Henderson street." Appellants admitted signing the contract, and sought to avoid liability upon the ground of fraud, alleging that they signed the contract relying upon certain representations to the effect that the depot would be located on a particular lot within the territory prescribed in the contract.

After hearing the testimony offered in support of the defense referred to, the trial court instructed a verdict for the plaintiff, and its action in so doing is assigned as error. The trial court was correct. There was no proof tending to show that any mistake was made in writing the contract, or that appellants were deceived as to its terms. Such being the case, it is not permissible to vary the terms of the written contract by showing an agreement to locate the depot on a particular lot, when by the terms of the written instrument it was permissible to locate it elsewhere. (Wooters v. International & G. N. Ry. Co., 54 Texas, 294; Faires v. Cockerell, 29 S. W. Rep., 672 and 88 Texas, 428.) The two cases just cited are quite similar to the one in hand. It is true that in Faires v. Cockerell the Supreme Court reversed the Court of Civil Appeals, but not on the question now under consideration. Upon that point the Supreme Court sustained the decision of the Court of Civil Appeals.

No error has been shown and the judgment is affirmed.

*Affirmed.*